BRUNOT, J.
 

 This application grows out of a suit for damages for an alleged slander and libel. The suit was brought in the Tenth judicial district court, over which Judge J. F. Stephens presides. After issue was joined by the filing of the answer, a motion was made for the recusation of Judge Stephens. The alleged grounds for recusation are that Judge Stephens counseled with the plaintiff, advised and assisted him in the preparation of his pleadings, and, when the court is sitting in the city of Natchitoches, Judge Stephens occupies the plaintiff’s office, uses his library, and prepares his opinions therein.
 

 Upon the filing of the motion the court appointed and had Mr. M. L. Desmukes, a reputable attorney of the Natchitoches bar, sworn as special judge to try the same. On proper application and under the rules of the court, the hearing of the motion for the recusation of the judge was set for 2 o’clock p. m. on the
 
 *141
 
 same day it was filed. . When the hour for the hearing arrived counsel for mover announced to the court that he was not ready for trial and the court granted him time to prepare a formal motion for a continuance of the cause. In due time a motion for a continuance was presented, and, notwithstanding that the motion filed does not comply with the requirements of law, the special judge overlooked the fact that it was not in proper form and granted mover a continuance of the hearing until November 22, 1926, but requested him to fix any definite date therefor between November 13 and November 29 of 1926. Counsel for defendant, the plaintiff in motion, refused to suggest a date, giving as his reason that he would not be in Natchitoches on any day between said dates. It appears from the return of the special judge, and from the record, that counsel for mover was in court daily thereafter, and on November 16 he was requested to fix a date, other than November 22, for the trial of the, motion. This he declined to do, and the motion remained fixed for trial for 5 o’clock p. m. November 22, 1926. On that date and at the hour named, the special judge was in the courtroom, but the plaintiff in motion and his counsel did not appear. The sheriff was sent out to locate them, and approximately two hours thereafter they appeared in court, and upon their appearance filed a motion for the recusation of the special judge upon the ground that he was related to mover within the second degree and that said special judge had counseled with the plaintiff in the main suit. Knowing that the allegations were false, the special judge demanded that proof of them he offered. This demand was refused by counsel for mover, and the special judge.thereupon called the case for trial, and, upon counsel for plaintiff in motion refusing to offer any evidence in support of the allegations of his motion, and upon defendant offering evidence in refutation thereof, the motion to recuse was refused.
 

 From the return of the special judge, the minutes of court, and the record, we are convinced that relator’s complaint should be dismissed.
 

 For these reasons, it is ordered and decreed that the rule herein issued be and it- is hereby recalled and the writs applied for are denied at relator’s cost.